IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THUNDER COLLINS,<br><br>                  Petitioner,<br><br>vs.<br><br>BARB LEWIEN, Wardern of Nebraska State Penitentiary;<br><br>                  Respondent. | 8:25CV579<br><br>**MEMORANDUM AND ORDER** |

      Petitioner Thunder Collins ("Collins") filed a "Motion to Set Aside a Final Judgment Order and/or Reopen the Case Pursuant to Federal Rule 60(b)(6)," Filing No. 1, which the Court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Upon conducting an initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, the Court finds the petition must be dismissed.

      Collins seeks relief from the November 12, 2009, judgment of the Douglas County District Court of Nebraska convicting him of five felony counts, including first degree murder, and sentencing him to consecutive sentences of life and 90 to 100 years' imprisonment. Filing No. 1 at 1.  Collins asserts the trial court's jury instruction no. 19 created a mandatory presumption of guilt in violation of his due process rights. Filing No. 1 at 2–3.

      Collins has filed two previous petitions for a writ of habeas corpus challenging these same convictions and sentences.  See *Collins v. Britten*, No. 4:12CV3235, 2014 WL 2515181 (D. Neb. June 4, 2014) (dismissing with prejudice petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 on the merits); *Collins v. Hansen*,

No. 8:18CV338 (D. Neb. July 27, 2018) (Filing Nos. 8 & 9, dismissing with prejudice habeas petition as successive). Indeed, Collins asserted the same claims regarding jury instruction no. 19 in his second habeas petition. *See* Filing No. 1, Case No. 8:18CV338. Thus, Collins' petition is successive and he is required to seek the permission of the Court of Appeals to commence this successive action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Additionally, to the extent Collins seeks relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, he cannot use Rule 60 to attack his state criminal judgment. "It is well established that a Rule 60(b) motion may not be used to 'relieve a party from operation of a judgment of conviction or sentence in a criminal case.'" *United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) (quoting *United States v. Hunt,* No. 4:07–CR–121, 2008 WL 4186258, at *1 (E.D.Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)")). Rule 60(b) "is a rule of civil procedure and thus not available to challenge criminal judgments, nor may it be used to challenge state judgments of any sort in federal court." *Sherratt v. Friel*, 275 F. App'x 763, 766 n.1 (10th Cir. 2008).

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28

U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's habeas corpus petition, Filing No. 1, is denied and dismissed. The Court will not issue a certificate of appealability in this matter. A separate judgment will be entered in accordance with this order.

Dated this 11th day of December, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge